8:26-cv-198

AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: *NEBRASKA* |
|---|---|

| Name (under which you were convicted): *Washington, DeRoise J.* | Docket or Case No.: |
|---|---|

| Place of Confinement: *Omaha Correctional Center* | Prisoner No.: *220160* |
|---|---|

| Petitioner (include the name under which you were convicted) *Dr. DeRoise J. Washington* v. | Respondent (authorized person having custody of petitioner) *Warden James Jansen* |
|---|---|

| The Attorney General of the State of: *NEBRASKA* |
|---|

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    *Douglas County District Court Hall of Justice Omaha, Nebraska 68183*

    (b) Criminal docket or case number (if you know): *23-5715 & 24-3814*

2.  (a) Date of the judgment of conviction (if you know): *26 March 2025*

    (b) Date of sentencing: *26 March 2025*

3.  Length of sentence: *23-24 months & 5 yrs -12 yrs C.S.*

4.  In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes  ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case: *Attempted Prohibited Person in Possession of a Firearm (5-12 years) and Tampering With a Witness/Informant (23-24 months) consecutively.*

6.  (a) What was your plea? (Check one)

    ☐ (1) Not guilty   ☒ (3) Nolo contendere (no contest)

    ☐ (2) Guilty        ☐ (4) Insanity plea

FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA

MAY  4 2026

OFFICE OF THE CLERK

Page 2 of 16

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?   _N/A_

(c) If you went to trial, what kind of trial did you have? (Check one)  _N/A_

   ☐ Jury  ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

   ☐ Yes  ☒ No

8. Did you appeal from the judgment of conviction?

   ☒ Yes  ☐ No

9. If you did appeal, answer the following:

(a) Name of court: _Douglas County District Court_

(b) Docket or case number (if you know): _23-5715 & 24-3814_

(c) Result: _DENIED_

(d) Date of result (if you know): _25 August 2025_

(e) Citation to the case (if you know): _UNKNOWN_

(f) Grounds raised: *_Ineffective Assistance of Counsel;_ *_Wrongful Sentence/Conviction; and_ *_Judicial Abuse of Discretion._

(g) Did you seek further review by a higher state court?  ☐ Yes  ☒ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

AO 241 (Rev. 09/17)

(4) Date of result (if you know):

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☐ Yes   ☒ No

11.    If your answer to Question 10 was "Yes," give the following information:

   (a)    (1) Name of court: _____

       (2) Docket or case number (if you know): _____

       (3) Date of filing (if you know): _____

       (4) Nature of the proceeding: _____

       (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

       (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

       ☐ Yes   ☐ No

       (7) Result: _____

Page 4 of 16

AO 241 (Rev. 09/17)

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☐ Yes    ☐ No

(2) Second petition:    ☐ Yes    ☐ No

(3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_Dist. Ct. J. Pankonin (NOT SENTENCING Judge)_
_Stated, "However, these allegations do not -see Attached-_

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** _VI Amendment Ineffective Assistance of Counsel_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_Counsel's failure to object to an incorrect and biased, Presentence Investigation Report that negatively impacted Sentencing Judge Strafman's judgement at sentencing and the Nebraska Department of Corrections' denial to grant community custody and_ _- See Attached-_

(b) If you did not exhaust your state remedies on Ground One, explain why:

_District Judge Pankonin, who was NOT my sentencing judge, stated there was no relief under Nebraska's law and DISMISSED my petition._

Continued From Page 6 of 16,

Section 11. (e):

... amount to jurisdictional

defects in his conviction. Therefore,

a writ of habeas corpus under

Nebraska law is unavailable to

address this alleged irregularity."[4]

Continued From Page 6 of 16,

Section 12: Ground One (a)

refusal to allow me to visit

with my wife, Mrs. Megan B.

Washington, and our daughters,

Kylee Manzer and DeReise

Washington.

Counsel's failure to object to

spouse as Witness/Informant per-

taining to ANY and ALL confidential

and privileged conversation(s) be-

tween the spouses commonly re-

ferred to as Spousal Privilege.

Counsel's failure to give Notice

Ground One (a) Continued:

of Appeal as requested in writing. Please review Exhibit "A" which is a letter from a licensed Veteran Justice Outreach Social Worker sent to the Public Defender and the Pre-Sentence Investigator. Exhibit "B" which is a letter Petitioner sent the public defender requesting an appeal and to attach a personal letter, Exhibit "C", to the sentencing judge. The public defender refused to file and/or respond to Petitioner.

2 of 2



**DEPARTMENT OF VETERANS AFFAIRS**
NEBRASKA-WESTERN IOWA HEALTH CARE

Omaha
4101 Woolworth Avenue
Omaha NE 68105-1873

Lincoln
600 S 70ᵗʰ Street
Lincoln NE 68510-2493

Grand Island
2201 N Broadwell Avenue
Grand Island NE 68803-2196

3/10/2025

RE: DeRoise Washington

Veteran has been accepted to the Omaha, NE RRTP (Residential Rehabilitation Treatment Program) on **April 10, 2025 at 1000.** The duration of the residential treatment course is approximately six weeks._

The RRTP program provides comprehensive treatment and rehabilitation services to Veterans with mental health conditions like posttraumatic stress disorder (PTSD), depression, and substance use disorder. The program takes a whole health approach to address challenges these Veterans may experience, including medical concerns and social needs such as employment and housing. The program provides these services 24/7 in a structured, supportive, and comfortable residential environment. The goal is to empower each Veteran to regain a lifestyle of self-care, independence, and personal responsibility.

A typical day for a Veteran in residential rehab includes classes, counseling, activities and outings, interacting with peers, and structure and support. The daily schedule is tailored to meet individual treatment needs.

Sincerely,

Kim Krajewski-Clark, LICSW
VJO Social Work
402-812-7048

_EXHIBIT_

_"A"_

EXHIBIT

P.O. Alyssa Jelinske    " B "    5-15-2025

I don't think I really put my best foot forward to Judge Stratman last month. I think there were a couple of errors that were made and should be addressed.

#1. The PSI was misleading by saying I refused to put take any responsibility for my actions.

#2. Judge Stratman stating I was being uncooperative when the police arrived & me having a gun in my hand.

#3. Judge Stratman stating the Treatment was a waste because I'd been on drugs for the past 12 years.

I'm not appealing the conviction, I'm appealing the Sentence. Please introduce my letter(s) to Judge Stratman as an appeal for modification of Sentence. That the Charges should

have been ran concurrently and that I should be able to utilize the V.A. Treatment. Time served, or probation after the completion of treatment.

Please go to: edovo.org/
~~transcript~~ transcripts
Code: YMR-SXR-JS8
I.D. # 220160
Veterans Behind Bars
Print my Certificate & Transcript and, add to my request to Judge Stratman, please.

Thank you for all you have done and thank you for attempting to honor this last request before Judge Stratman.

Dear Honorable Judge Stratman:

Greetings and salutations in the precious name of our Lord and Saviour! Comes now the defendant, Dr. DeRoise J. Washington, #220160, 2323 East Avenue J, Omaha, Nebraska 68110 at Omaha Correctional Center (OCC) of the Nebraska Department of Correctional Services.

Defendant respectfully request Your Honor to: RECONSIDER SENTENCE based on remarks made by Your Honor at time of sentencing; and a letter from the Department of Veterans Affairs' Veterans Justice Outreach (VJO) in support of Defendant's request that was not made available for consideration at the time of sentencing.

On 26 March 2025, Your Honor sentenced Defendant to 23 to 24 months for Tampering With A Juror/Informant/Witness and 5-12 years for Attempted Possession of a Deadly Weapon by a Prohibited Person. The sentences are ran consecutively.

When rendering sentence, Your Honor mistakenly stated Defendant was being publickly uncooperative and brandishing a weapon when police made initial contact. There is no record found to support said comment. In fact, there were no weapons on Defendant's person and he willingly allowed officers to search his residence. -See Consent To Search-

Both Defence Counsel and Defendant spoke of Defendant's physical and mental (PTSD) needs. Your Honor didn't address the physical but alluded to the mental. (paraphrasing Your Honor) "You have been on mental health medication for the past 12 years and



EXHIBIT

"C"

I don't think..." Defendant has been on some form of medication for his physical and mental health needs since and due to his Honorable Discharge from the United States Army in 1991. Defendant needs this Honorable Court to be aware that he NEVER had specific treatment for his PTSD behaviors nor did he ever know specific treatment was available until the approximate time of sentencing. The defendant truly desires to regain a lifestyle of self-care, independence and personal responsibility both physically and mentally. Apparently, the Veterans Administration's Residential Rehabilitation Treatment Program (RRTP) is specifically designed and comprehensively directed if not to correct, then to address negative behaviors for Veterans such as I.

Therefore, Defendant acknowledges his wrongdoings and improper behaviors. As a parent of three dependant daughters, an Ordained Minister and as a Brother of the Masonic Fraternity, I am ashamed and most apologetic. In all deference, I humbly and respectfully pray Your Honor will RECONSIDER the current sentence in light of this knowledge. The Veterans Administration is offering a tool in the judiciary armory and something I greatly need and want both physically and mentally. If Your Honor will RECONSIDER sentence, I promise not to bring dishonor to this Court's mercy and wisdom that it grant defendant. There is yet some good left in me! Please

2 of 3

allow Defendant to vindicate himself and be the productive citizen he knows he can be. I am forever

In His Service

and

Sincerely Yours,

20 May 2025

3 of 3

AO 241 (Rev. 09/17)

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: *Public Defender refused to give Notice or to properly file.*

### (d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Petition for Writ of Habeas Corpus*

Name and location of the court where the motion or petition was filed: *Douglas County District Court - Hall of Justice - Omaha, NE*

Docket or case number (if you know): *CI 25-6536*

Date of the court's decision: *25 August 2025*

Result (attach a copy of the court's opinion or order, if available): *DENIED*

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: *The deciding judge stated Petitioner had no legal standing based on Nebraska law.*

Page 7 of 16

## IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

DEROISE WASHINGTON,

      Petitioner,

vs.

STATE OF NEBRASKA (NDCS)
WARDEN-JAMES JANSEN (OCC),

      Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CI 25-6536

**ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS**

This matter comes before the Court on the Petition for Writ of Habeas Corpus, filed August 5, 2025. Petitioner is currently incarcerated pursuant to a conviction in Douglas County, Nebraska. Petitioner argues he is entitled to a writ of habeas corpus because his wife testified at trial in violation of the marital privilege, and his trial counsel failed to file a direct appeal and raise this issue.

A writ of habeas corpus challenges and tests the legality of a person's detention, imprisonment, or custodial deprivation of liberty. *Tyrrell v. Frakes*, 309 Neb. 85, 93–94, 958 N.W.2d 673, 681 (2021). In Nebraska, habeas corpus is quite limited in comparison to the scope of the writ in federal courts. *Id.* Under Nebraska law, an action for habeas corpus is a collateral attack on a judgment of conviction. *Id.* A collateral attack on a judgment is where the judgment is attacked in a way other than a proceeding in the original action to have it vacated, reversed, or modified, or a proceeding in equity to prevent its enforcement. *Id.*

In the case of a prisoner held pursuant to a judgment of conviction, habeas corpus is available as a remedy only upon a showing that the judgment, sentence, and commitment are void.



#10    FILED
District Court
DOUGLAS COUNTY, NEBRASKA

AUG 2 5 2025

CLERK DISTRICT COURT

*Id.* The writ will not lie upon the ground of mere errors and irregularities in the judgment or sentence rendering it not void, but only voidable. *Id.* A judgment that is not void, even if erroneous, cannot be collaterally attacked. *Id.*

A writ of habeas corpus will not lie to discharge a person from a sentence of penal servitude where the court imposing the sentence had jurisdiction of the offense and the person of the defendant, and the sentence was within the power of the court to impose. *Sanders v. Frakes*, 295 Neb. 374, 380–81, 888 N.W.2d 514, 520 (2016).

A void judgment is "[o]f no legal effect," while a voidable judgment is "[v]alid until annulled." *Sanders v. Frakes*, 295 Neb. 374, 381–83, 888 N.W.2d 514, 521–22 (2016). A judgment is void when the court rendering it lacks subject matter or personal jurisdiction. *Id.* Subject matter jurisdiction is the power of a tribunal to hear and determine a case of the general class or category to which the proceedings in question belong and to deal with the general subject matter involved. *Id.* Thus, a judgment is void if the court lacked a legal basis to impose it. *Id.*

Where the defects relied upon are not jurisdictional, and relief is not available in a habeas corpus proceeding like this, for it is well established in this state that mere errors and irregularities in a judgment or proceedings of an inferior court in a criminal case, under and by virtue of which a person is imprisoned, or deprived of his liberty, but which are not of such a character as to render the proceedings absolutely void, cannot be reviewed on an application for a writ of *habeas corpus.* See *id.* citing *In re Betts*, 36 Neb. 282, 54 N.W. 524 (1893) (cleaned up). A final judgment pursuant to an unconstitutional statute is voidable, not void, and thus may not be collaterally attacked. *Sanders v. Frakes*, 295 Neb. 374, 386, 888 N.W.2d 514, 524 (2016)

2

The Court has reviewed the petition presented to it in this matter. Petitioner alleges that he is entitled to a writ of habeas corpus because his wife testified at trial in violation of the marital privilege, and his trial counsel failed to file a direct appeal and raise this issue. However, these allegations do not amount to jurisdictional defects in his conviction. Therefore, a writ of habeas corpus under Nebraska law is unavailable to addresses this alleged irregularity. Accordingly, the Petition must be denied.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Petitioner's Petition for Writ of Habeas Corpus is **denied**;

DATED this 25 day of August, 2025.

BY THE COURT:

Hon. Kimberly M Pankonin
District Court Judge

3

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: _____*None*_____

**GROUND TWO:** _____*XIV Amendment Violation of Due Process - Judicial Abuse of Discretion*_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*In a most duplicitous act of balancing the Scales of Justice in the favor of the pro-secution, Ann Miller, Prosecutor and Agent Provocateur, coerced privileged information with the threat of prosecution from Peti-tioner's Wife. Said information was the sole basis for prosecution and the malicious act deprived Petitioner of his Due Process.*

(b) If you did not exhaust your state remedies on Ground Two, explain why: *District Judge Pankonin stated there was no law available to Petitioner to address the irregularities.*

(c)    **Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

   (2) If you did not raise this issue in your direct appeal, explain why: _____

(d)    **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   ☒ Yes    ☐ No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: *Writ of Habeas Corpus*

   Name and location of the court where the motion or petition was filed: *Douglas County District Court - Hall of Justice - Omaha Nebraska*

   Docket or case number (if you know): *CI 25-6536*

AO 241 (Rev. 09/17)

Date of the court's decision:  25 August 2025

Result (attach a copy of the court's opinion or order, if available): - Attached -

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

District Judge Papkonin ruled, I had no ground(s) to stand on.

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :    None

**GROUND THREE:**  Wrongful Sentence / conviction Fruit(s) of the Forbidden Tree

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Ann Miller, Prosecutor - Agent Provacateur, maliciously violated the sanctity and dignity of the legal marriage and privileges of Petitioner and his Wife by threatening the wife's testimony, assigning Wife as a Witness/Informant against Petitioner.
- See Attached -

Continued From Page 9 of 16,

Ground Three (a):

... instructing Wife how to secretly capture a private conversation between Petitioner and his Wife in the sanctity of their private bedroom via an electronic device - the Wife's cellular phone; and directing the wife to sign a prepared statement by Ann Miller, Prosecutor- Agent Provocateur as evidence against Petitioner. Any and all alleged testimony gathered as a result of the wife's testimony is void.

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _District Judge Pankonin ordained Petitioner's Writ had no legal legs._

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    _Writ of Habeas Corpus_

Name and location of the court where the motion or petition was filed:    _Douglas County District Court - Hall of Justice Omaha, NE_

Docket or case number (if you know):    _CI 25-6536_

Date of the court's decision:    _25 August 2025_

Result (attach a copy of the court's opinion or order, if available):    _- Attached -_

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

Page 10 of 16

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:    _NONE_

_____

**GROUND FOUR:**  _XIV Amendment Violation of Due Process - Presentence Investigation Report_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_The presentence investigation report (herein-after PSI) was comprised of privileged information coerced and illegally obtained by Petitioner's wife. The PSI was NOT conducted with Petitioner's Counsel present and, therefore, it should not have been made relevant to sentencing or NDCS's evaluation._

(b) If you did not exhaust your state remedies on Ground Four, explain why:

_____

_____

_____

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:    _____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    _Writ of Habeas Corpus_

Page 11 of 16

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _Douglas County District Court - Hall of Justice - Omaha, NE_

Docket or case number (if you know): _CI 25 - 6536_

Date of the court's decision: _25 August 2025_

Result (attach a copy of the court's opinion or order, if available): _- Attached -_

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _None_

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ☐ Yes    ☒ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: *Grounds One - Four... The judge denying Habeus Corpus said there were no legal law to remedy those irregularities.*

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☐ Yes    ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes    ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

Page 13 of 16

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: *Allyssa Jelinske, Assistant Douglas County Public Defender - Omaha, NE*

(b) At arraignment and plea: *Allyssa Jelinske*

(c) At trial: *NO TRIAL*

(d) At sentencing: *Allyssa Jelinske*

(e) On appeal: *NO APPEAL*

(f) In any post-conviction proceeding: *No One*

(g) On appeal from any ruling against you in a post-conviction proceeding: *No One*

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes    ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☐ Yes    ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Page 14 of 16

AO 241 (Rev. 09/17)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Page 15 of 16

AO 241 (Rev. 09/17)

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *Petitioner seeks to Vacate and Set Aside Sentence and Judgement and request $5 million for punitive damages*

or any other relief to which petitioner may be entitled.

_N/A_

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _04-30-26_ (month, date, year).

Executed (signed) on _04-30-26_ (date).

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _N/A_

Page 16 of 16

Business Office in Separate

mailing dated 30 April 2026

Please receive the $5.00 check

as payment for Fee for

§2254 Writ of Habeas Corpus.

Dr. DeRoise J. Washington, Petitioner

#220160-Omaha Correctional Center
2323 East Avenue J.
Omaha, Nebraska 68110

Two Petitions are enclosed—

§2254 for a Writ of Habeas

Corpus.

Omaha Correctional Center
Individual's #
PO BOX 11099 - Omaha NE 68111
Notice: This correspondence was mailed from
an institution operated by the Nebraska
Department of Corrections.
It's contents are uncensored.

quadient
FIRST-CLASS MAIL
IMI
$004.14
05/01/2026 ZIP 68110
043M31274685

US POSTAGE

Clerk of the U.S. Dist. Ct.
III South 18th Plaza, #1152
Omaha, Nebraska 68102-1322

RECEIVED
MAY - 4 2026
CLERK
U.S. DISTRICT COURT