IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEROISE J. WASHINGTON,<br><br>Petitioner,<br><br>vs.<br><br>ROB JEFFREYS,<br><br>Respondent. | **8:26CV198**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Petitioner's motion, Filing No. 20, asking the Court to reconsider its August 24, 2026, order, Filing No. 18, denying his previous request to expand the record in this case. Specifically, Petitioner asks the Court to reconsider and have the following documents produced and provided to him: (1) his public defender's complete file folder containing all written correspondence between counsel and Petitioner, (2) the deposition of Petitioner's wife, and (3) all motions filed by his public defender. For the reasons that follow, the Court will deny Petitioner's motion.

Petitioner's motion seeks to expand the record and is governed by Rule 7 of the *Rules Governing Section 2254 Cases in the United States District Courts*. Rule 7 permits the Court to direct the parties to expand the record by submitting additional materials relating to the petition. However, this power is permissive and granted or denied at the Court's discretion.

"[T]he standard to expand the state-court record is a stringent one." *Shinn v. Ramirez*, 142 S. Ct. 1718, 1728 (2022). "When a petitioner seeks to introduce evidence pursuant to [Rule 7], the conditions prescribed by § 2254(e)(2) must still be met." *Mark v. Ault*, 498 F.3d 775, 788 (8th Cir. 2007) (citing *Holland v. Jackson*, 542 U.S. 649, 652–53 (2004)). Under 28 U.S.C. §

2254(e)(2) "[a] habeas petitioner must develop the factual basis of his claim in the state court proceedings rather than in a federal evidentiary hearing unless he shows that his claim relies upon a new, retroactive law, or due diligence could not have previously discovered the facts." *Cox v. Burger*, 398 F.3d 1025, 1030 (8th Cir. 2005). A petitioner must also show that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). "Federal courts may conduct evidentiary hearings and supplement the state record only in extraordinary circumstances because of the obligation to defer to state courts' factual determinations." *Hall v. Luebbers*, 296 F.3d 685, 700 (8th Cir. 2002) (citing 28 U.S.C. § 2254(e)(1) and (e)(2)). A federal habeas court is "not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Williams v. Taylor*, 529 U.S. 420, 437 (2000).

Here, Petitioner seeks to have Respondent provide to him and file with this Court the documents described above to prove the following: (1) the date of his request to his public defender asking her to file a timely appeal, which he believes he misstated as May 15, 2025, instead of April 15, 2025; that he raised concerns regarding (2) misrepresented facts in his presentence investigation report, (3) the legality of his wife being a witness for the State, and (4) issues about the prosecutor's ethics and coercion; and (5) his counsel's ineffectiveness, collusion, and overall detriment to his outcome at sentencing due to counsel's failure to address the foregoing issues. Filing No. 20.

Petitioner's motion seeking to expand the record fails to address the requirements of 28 U.S.C. § 2254. First, there is no indication that any of the records Petitioner seeks were part of the records before the state courts.

Assuming "all motions filed by Public Defender," Filing No. 20 at 1, were part of the state court record, Petitioner has not provided any specific indication as to why the motions he seeks to add to this case are relevant or should be considered by the Court. Moreover, Respondent has filed a summary judgment motion asserting that Petitioner's habeas claims are all procedurally defaulted. Filing No. 9; Filing No. 12 at 5–9. Of the five things Petitioner seeks to prove with his requested documents, only the first—the date Petitioner requested his counsel to file an appeal—appears somewhat relevant to any showing of cause or prejudice to overcome any procedural default. The remainder address the merits of Petitioner's habeas claims, and, as the Court previously explained, the Court does not address the merits of a procedurally defaulted claim unless a petitioner can overcome the default. *See* Filing No. 18 at 3 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

As to the date Petitioner allegedly requested his counsel to file an appeal, Petitioner included with his petition a letter to his counsel dated May 15, 2025, in which Petitioner requested an appeal of his sentence. Filing No. 1 at 10–11. Petitioner included a copy of this same letter, again dated May 15, 2025, with his state habeas petition. Filing No. 10-5 at 6–7. Now, Petitioner seeks his public defender's file because he believes he misstated the date of his request and his request was actually made within the timeframe for filing his direct appeal. Petitioner, however, has not made the requisite showing under 28 U.S.C. § 2254(e)(2) to require this Court to permit him to dispute and develop the factual record here when he failed to do so before the state courts.

Accordingly, for the reasons stated in the Court's prior order, Filing No. 18, and for the reasons above, the Court finds Petitioner has not established he is entitled to expand the record.

IT IS THEREFORE ORDERED that: Petitioner's motion to reconsider, Filing No. 20, is denied.

Dated this 13th day of October, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge